Irakoze v. Garland

BIA
Ruehle, IJ
A205 277 607

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

AXEL IRAKOZE,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-738
NAC

_____

FOR PETITIONER: Anne E. Doebler, Esq., Buffalo, NY.

FOR RESPONDENT: Jeffrey Bossert Clark, Acting Assistant Attorney General; Timonthy G. Hayes, Senior

Litigation Counsel; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Axel Irakoze, a native and citizen of Burundi, seeks review of a January 28, 2020, decision of the BIA affirming a March 27, 2018, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Axel Irakoze,* No. A205 277 607 (B.I.A. Jan. 28, 2020), *aff'g* No. A205 277 607 (Immig. Ct. Buffalo Mar. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be

compelled to conclude to the contrary"); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018) (reviewing factual findings for substantial evidence and questions of law de novo).  The alien bears the burden of proving his eligibility for asylum, withholding of removal, and CAT protection.  *See* 8 U.S.C. §§ 1158(b)(1)(B) (asylum), 1231(b)(3)(C) (withholding of removal); 8 C.F.R. § 1208.16(c)(2) (CAT).  "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii).  The agency did not err in concluding that Irakoze failed to meet his burden of proof regarding his claim that agents of the Burundian government illegally seized him from his home and beat him in 2012 because of his past membership in the Democracy and Solidarity

Movement Party ("MSD").[1]

First, the agency did not err in finding that Irakoze's testimony was not sufficiently credible or persuasive to meet his burden of proof. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin*

---

[1] Irakoze asserts that his previous employment as a journalist supports claims based on imputed political opinion and membership in a particular social group of former journalists who worked for an oppositional media organization. We do not reach these claims because he did not present them to the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 123 (2d Cir. 2007).

4

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistency between Irakoze's testimony and written statements regarding his involvement with MSD. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). For example, he wrote that he was an "active" MSD member who was "in charge of supervision and mobilization of youth in [his] area." But when questioned at the hearing, he testified that he did not have party identification because he was not a member for long, he attended only eight meetings over the course of one month in 2010, and that, by "active," he meant that he "sensitize[d] and encourage[d] other people to come to . . . meetings" in exchange for payments. The agency was not required to credit his explanation that active meant something different to him because the IJ's interpretation that Irakoze initially overstated his role is supported by Irakoze's written statement that he was "in charge" of some activities. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to

5

secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quotation marks omitted)). This inconsistency regarding the extent of the political activity that allegedly led the government to target him two years later is sufficient to undermine his credibility. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Second, Irakoze did not otherwise meet his burden of proof with corroborating evidence. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may require corroboration of even credible testimony, and if the agency determines that corroboration is required, "such

6

evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* Irakoze failed to present critical, reasonably available evidence and, when given the opportunity to explain this failure, did not establish that the evidence was unavailable. *See Wei Sun*, 883 F.3d at 29–31.

Irakoze testified that he did not obtain letters corroborating his arrest and beating because was afraid the Burundian government might harm his family and friends if they wrote letters, and he did not obtain medical records of the treatment for injuries sustained in that beating because he "didn't pay attention to it." Irakoze argues that the agency did not address these explanations. He is mistaken.

The IJ considered his explanation for not obtaining corroborating letters and rejected it for two reasons. First, Irakoze testified that he maintained contact with friends and family through cell phones and intermediaries, and there was no evidence of government awareness of, or interference with, such communications. Second, State Department reports from 2012 through 2016 did not support his claim that the Burundian government surveilled mail, phone, or internet

7

communications. CAR 75. Accordingly, Irakoze failed to show that corroborating letters were unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). The agency also considered and rejected Irakoze's claim that he did not obtain medical records of his treatment because he did not pay attention to it. The IJ recited the claim and reasonably found that the explanation did not satisfy the requisite burden of proof. CAR 75.

Finally, the document Irakoze did produce—a letter from his employer—confirmed Irakoze's employment and reported that the police took him from his home on May 5, 2012, but the author was not a witness to the arrest and the letter did not suggest a political motivation for the encounter or provide details. Accordingly, the agency did not err in declining to credit the letter or in concluding that, absent credible testimony or other corroboration, Irakoze failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Y.C. v.*

*Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Given Irakoze's inconsistency regarding his role in the MSD and his failure to provide reasonably available evidence to corroborate his alleged arrest and beating, the agency reasonably concluded that he failed to meet his burden for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. §§ 1158(b)(1)(B), 1231(b)(3)(C); 8 C.F.R. § 1208.16(c)(2).

We find no merit in Irakoze's remaining arguments. Irakoze argues that we should remand because portions of the hearing transcript pertaining to his CAT claim are indiscernible. Although a record "littered" with such a notation might necessitate a remand where it impairs appellate review of a claim, *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009), the missing testimony does not impair review because it does not relate to the inconsistent descriptions of his political involvement or resolve the absence of corroboration. As to his request for remand based on more recent evidence of country conditions, we do not remand for consideration of evidence that was not before the

9

agency.  *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269 (2d Cir. 2007) (holding the remand "is not warranted if, as here: [i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10